## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THE BOARD OF DIRECTORS OF REGATTA POINT VILLAS, a/k/a WATERGATE VILLAS, SECTION 1 HOMEOWNERS' ASSOCITON and THE BOARD OF DIRECTORS OF REGATTA POINT VILLAS, a/k/a WATERGATE VILLAS, SECTION 2 HOMEOWNERS' ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> CARLOS MORCIGLIO and CHARLES SCHWAB & CO., INC., a nominal defendant, <br><br> Defendants. | Case No. 3:26-cv-0008 |

### ORDER

**BEFORE THE COURT** is Plaintiffs' Emergency Motion for Temporary Restraining Order, Preliminary Injunction, Expedited Discovery & Brief in Support (Motion or Mot.) (ECF No. 2), filed February 22, 2026.

Plaintiffs allege that "Defendant Carlos Morciglio, the former property manager of Regatta Point, intentionally withheld the Association's computer without authorization and initiated and completed numerous unauthorized electronic transfers of Association funds from the Association's bank account(s) to a personal investment/brokerage account held in the former manager's name at Schwab." Mot. at 2. By their motion, Plaintiffs seek to compel Defendant Charles Schwab & Co., Inc. (Schwab), to "freeze the account ending in 1651 and any other account in the name of Carlos Morciglio and maintained by Schwab into which monies were fraudulently diverted and any and all accounts into which those funds were transferred; (2) enjoining any further banking activity in those accounts until further Order of Court." *Id*. at 1.

*The Board of Directors of Regatta Point Villas, a/k/a Watergate Villas, Section 1 Homeowners' Association et al. v. Morciglio et al.*
Case No. 3:26-cv-0008
Order
Page **2** of **4**

It is well established that a motion for temporary restraining order should be granted only if the plaintiff establishes the following: "(1) a likelihood of 'success on the merits,' (2) a likelihood that the moving party will "suffer irreparable harm,' (3) that the 'balance of equities' weighs in the moving party's favor, and (4) that injunctive relief is in 'the public interest.'" *Osorio-Martinez v. Att'y Gen.*, 893 F.3d 153, 178 (3d Cir. 2018) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).[1] Where, as here, the plaintiff

> moves for temporary injunctive relief *ex parte*, it must meet an even more rigorous standard. As the Supreme Court observed "*[e]x parte* temporary restraining orders are no doubt necessary in certain circumstances . . . but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."

*Birsingh v. Ace High Invs., LLP*, 2026 U.S. Dist. LEXIS 17183, at *5-6 (M.D. Pa. Jan. 29, 2026) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438-39 (1974) (footnotes omitted)). Because the Court is not persuaded that Plaintiffs have demonstrated irreparable harm, the Court will not address the other factors.[2]

As the Third Circuit Court of Appeals has declared: "In general, to show irreparable harm a plaintiff must 'demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.'" *Acierno v. New Castle County*, 40 F.3d 645, 653 (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)). The *Acierno* court continues: "Economic loss does not constitute irreparable harm: 'It seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury . . . .'" *Id*. (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Thus, usually "economic injuries alone cannot be a sufficient basis for a court to issue a TRO, because they are by their very nature, remunerable. . . . Only in such instances where a harm occurs for

---

[1] Although the *Osorio-Martinez* court articulates the standard for granting a preliminary injunction, the "standard for issuing a temporary restraining order and a preliminary injunction is the same." *Keene v. Cheeks*, Civ. No. 25-7375 (SDW) (LDW), 2026 U.S. Dist. LEXIS 13949, at *8 (D.N.J. Jan. 26, 2026) (citing *Mirashi v. Doe*, No. 25-1805, 2025 U.S. Dist. LEXIS 54141, 2025 WL 893003, at *3 (D.N.J. Mar. 21, 2025) (*citing Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017))).

[2] "A plaintiff must satisfy all four factors to succeed in moving for a TRO." *Birsingh*, 2026 U.S. Dist. LEXIS 17183 at *6 (citing *Nutrasweet Co. v. Vit-Mar Enters. Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate.")).

*The Board of Directors of Regatta Point Villas, a/k/a Watergate Villas, Section 1 Homeowners' Association et al. v. Morciglio et al.*
Case No. 3:26-cv-0008
Order
Page **3** of **4**

which "money cannot atone," may a court find irreparable harm**.**" *Birsingh*, 2026 U.S. Dist. LEXIS 17183, at *5-6 (citing *Frank's GMC Truck Ctr. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) and quoting *Acierno*, 40 F.3d at 653 (quoting *A. O. Smith Corp. v. FTC*, 530 F.2d 515, 525 (3d Cir. 1976))); *see also Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91-92 (3d Cir. 1992) ("A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.' The 'requisite feared injury or harm must be irreparable--not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" (quoting *ECRI v. McGraw-Hill, Inc.,* 809 F.2d 223, 226 (3d Cir. 1987) (citations omitted))).

In the matter at bar, Plaintiffs allege that Defendant Morciglio, without authorization, transferred "Association funds from the Association's bank account(s) to a personal investment/brokerage account held in [Morciglio's] name at Schwab." Mot. at 2. No other harmful conduct is alleged. The harm alleged by Plaintiffs is solely an economic injury. Applying the standard applicable in this judicial circuit, the Court finds that Plaintiffs have failed to demonstrate immediate and irreparable injury absent injunctive relief.[3] Consequently, the request for a temporary restraining order will be denied. At the same time, the Court will set the matter for hearing upon the motion for preliminary injunction.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Emergency Motion for Temporary Restraining Order, ECF No. 2, is **DENIED**; it is further

**ORDERED** that an evidentiary hearing on the Motion for Preliminary Injunction, ECF No. 2, is set for **9:00 a.m., Wednesday, March 4, 2026**, in St. Thomas Courtroom 1, before the undersigned; it is further

**ORDERED** that, by no later than **March 2, 2026**, each party shall file their respective witness lists and proposed lists of exhibits; it is further

---

[3] In support of their motion, Plaintiffs cite to *Commonwealth Land Title Ins. Co. v. Truist Bank*, No. 3:25-CV-00962-KDB-SCR, 2025 WL 3490561 (W.D.N.C. Dec. 4, 2025), where the court issued a TRO on very similar facts to the ones presented by Plaintiffs. However, the court in that case cited to no authority underpinning its finding of irreparable harm. Further, the District Court of North Carolina is not within the Third Circuit; therefore, that decision is not controlling nor does it constitute binding precedent upon this Court.

*The Board of Directors of Regatta Point Villas, a/k/a Watergate Villas, Section 1 Homeowners' Association et al. v. Morciglio et al.*
Case No. 3:26-cv-0008
Order
Page **4** of **4**

      **ORDERED** that the parties shall, no later than **March 2, 2026,** submit electronic copies of all exhibits to the Clerk's Office via BOX, a secure online file sharing program. Counsel are directed to contact the Clerk's Office to obtain access to the trial folder;[4] and it is further

      **ORDERED** that Plaintiff shall serve Defendant with a copy of this Order by no later than February 25, 2026, and file notice of such service with the Court.

**Dated**: February 23, 2026                              /s/ *Robert A. Molloy*
                                                                           **ROBERT A. MOLLOY**
                                                                           **Chief Judge**

---

[4] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Plaintiffs' hearing exhibits shall be labelled sequentially beginning with Plaintiffs' Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A. The parties are reminded that all exhibits must be presented in electronic format and that hard copies of exhibits will be allowed only upon a showing of extenuating circumstances.